# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GIGAMONSTER NETWORKS, LLC, *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 23-10051 (JKS)<br><br>(Jointly Administered) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF GIGAMONSTER NETWORKS, LLC, *et al.*,<br><br>        Plaintiff,<br>  v.<br><br>BARINGS ASSET-BASED INCOME FUND (US), L.P., BABIF GIGABLOCKER LLC, MATTHEW SANDOVAL, W.F. (ROONEY) DEBUTTS, NISANTH REDDY, and JULIE NIEDZWIECKI,<br><br>        Defendants. | Adv. Case No. 23-50404 (JKS) |

**AGREED ORDER (I) REFERRING ADVERSARY PROCEEDING TO MEDIATION, (II) APPOINTING MEDIATOR, AND (III) GRANTING RELATED RELIEF**

By agreement of (i) the Official Committee of Unsecured Creditors (the "Committee" or "Plaintiff") and (ii) Barings Asset-Based Income Fund (US), L.P. and BABIF GigaBlocker, LLC (collectively, "Barings" or "Defendant" and together with Plaintiff, the "Parties"), pursuant to Rule 9019-5 of the Local Rules of Bankruptcy Practice and Procedure of the Bankruptcy Court (the "Local Rules"), the above-captioned adversary proceeding (the "Adversary Proceeding") shall be referred to mediation on the following terms:

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: GigaMonster Networks, LLC (2854); Gigasphere Holdings LLC (0250); GigaMonster, LLC (3014); Fibersphere Communications LLC (0163); and Fibersphere Communications of California LLC (5088). The Debtors' business address is 350 Franklin Gateway, Suite 300, Marietta, GA 30067.

US.359106592.02

**IT IS HEREBY ORDERED THAT:**

1. Subject to the provisions set forth herein, pursuant to Local Rule 9019-5, effective as of August 29, 2023, the Adversary Proceeding is hereby referred to mediation (the "Mediation"), and the Hon. Kevin Gross (ret.) is hereby appointed as mediator (the "Mediator").

2. Each of the Parties shall participate in the Mediation with at least one (1) principal or other individual designee who is empowered with full authority to settle the Mediation, in full or in part, and thereby bind the Party for whom such designee acts, and the Parties may invite other representatives to participate in the Mediation.

3. Notwithstanding the Local Rules, the Mediator may conduct the Mediation as the Mediator sees fit, establish the rules governing the Mediation, and consider and take appropriate action with respect to any matters the Mediator deems appropriate to conduct the Mediation, subject to the terms of this Order.

4. The estates of the above-captioned debtors (the "Debtors") shall pay the cost and fees of the Mediator as an administrative expense of the estates.

5. For purposes of the Mediation, the Mediator shall consider Defendant's motion to dismiss Plaintiff's complaint [Adv. D.I. 14-16] (the "Motion to Dismiss"), Plaintiff's answering brief in opposition thereto [Adv. D.I. 23], and Defendant's reply in support of the Motion to Dismiss [Adv. D.I. 31], together with the *Order Approving Stipulation of Dismissal of Certain Counts of the Complaint*. The Parties shall submit confidential settlement position statements to the Mediator on or before September 11, 2023, at 5:00 p.m. (ET).

6. The Mediation conference shall occur in-person on September 13, 2023, starting at 10:00 a.m. (ET) in New York at the offices of Faegre Drinker Biddle & Reath LLP, 1177 6th Avenue, 41st Floor, New York, NY 10036.

7.      The Parties and their respective counsel shall participate in the Mediation in good faith and comply with all directions issued by the Mediator.

8.      At the conclusion of the Mediation, the Mediator shall file with the Court a memorandum (the "Mediator's Report") stating (i) that the Mediator has conducted the Mediation, (ii) the names of counsel and principals who participated in the Mediation, (iii) an identification of any Party that the Mediator believes not to have acted in good faith during or in connection with the Mediation, and (iv) whether and to what extent the Mediation was successful. The Mediator also may present a written settlement recommendation memorandum to counsel for each Party, but not to the Court, pursuant to Local Rule 9019-5(e).

9.      If the Mediation is not successful, each Party may file a request for oral argument on the Motion to Dismiss within 7 days after the filing of the Mediator's Report. Defendant shall file a notice of completion of briefing on the Motion to Dismiss no earlier than 7 days and no later than 14 days after the filing of the Mediator's Report.

10.     The Mediation proceedings shall be subject to the confidentiality provisions governing mediation as set forth in Local Rule 9019-5(d); *provided, however*, that nothing herein shall alter, modify, or otherwise prejudice or impair any of the Parties' rights under any pre-existing confidentiality agreements or protective orders, all of which shall remain in full force and effect.

11.     No written record or transcript of any discussion had in the course of the Mediation is to be kept, absent express written agreement by the Parties; *provided, however*, that the Mediator shall be entitled to keep such records and take such notes as the Mediator deems necessary or helpful to carry out his duties; *provided, further*, that any such records and notes be subject to the confidentiality provisions governing mediation as set forth in Local Rule 9019-5(d).

12. The Parties are authorized to take all action necessary to effectuate the relief granted in this Order.

13. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: August 29th, 2023**
**Wilmington, Delaware**

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE